```
                    UNITED STATES DISTRICT COURT
                    FOR THE DISTRICT OF RHODE ISLAND
```

Carol Pisani

    v.                                      Civil No. 14-cv-056-LM

Judge John J.
McConnell, Jr., et al.


**O R D E R**

    Carol Pisani has filed a complaint, document no. 2, against Judge John J. McConnell, Jr., and the National Highway Traffic Safety Administration ("NHTSA" or "the administration"). Because Pisani is proceeding pro se and in forma pauperis, the matter is before the court for preliminary review to determine, among other things, whether the complaint fails to state a claim on which relief may be granted," 28 U.S.C. § 1915(e)(2)(B)(ii), or "seeks monetary relief against a defendant who is immune from relief," 28 U.S.C. § 1915(e)(2)(B)(iii). Also before the court are three miscellaneous motions Pisani has filed in conjunction with her complaint.

    When determining whether a pro se complaint states a claim, the court must construe the complaint liberally. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam) (citation omitted). To survive preliminary review, the complaint must

contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). To determine plausibility, the court treats as true all well-pleaded factual allegations, and construes all reasonable inferences drawn therefrom in the plaintiff's favor. See Ocasio-Hernández v. Fortuño-Burset, 640 F.3d 1, 12 (1st Cir.2011).

## Background

In 2007, Pisani filed suit against several defendants, including Richard L. Van Iderstine, a one-time employee of the NHTSA. Pisani's 2007 case was based upon allegations that the NHTSA misappropriated an invention that she had shown, in confidence, to one or more NHTSA employees. Judge McConnell dismissed Pisani's complaint against Van Iderstine "without prejudice for failure to effectuate service in a timely manner." Pisani v. Van Iderstine, C.A. No. 07-187M, 2011 WL 2680744, at *1 (D.R.I. July 8, 2011). There is no indication in Pisani's complaint in this case that she made any further attempt to effectuate service on Van Iderstine.

Pisani has now sued Judge McConnell and the NHTSA. Using the vehicle of 42 U.S.C. § 1983, she asserts that Judge McConnell violated her right to due process by "violating and

2

disrupting" her 2007 case, which she also claims was "botched and ruined" by Judge McConnell's actions. She further asserts that the NHTSA violated her right to due process by failing to help her locate Van Iderstine or by interfering with her effort to serve him with the complaint in her 2007 case.

In terms of relief, Pisani seeks judgments against the NHTSA and Judge McConnell. With regard to relief against the NHTSA, she seeks an accounting of royalties she should have earned from those with whom the NHTSA had wrongfully shared her invention. With respect to both defendants, she seeks as damages in this case the damages she would have been awarded in her 2007 case, but for the malfeasance of those defendants.

## Discussion

As a preliminary matter, the court notes that 42 U.S.C. § 1983 is a vehicle for bringing civil-rights actions against persons acting "under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia." Because there is nothing in Pisani's complaint to suggest that either of the defendants was acting under color of state law when committing the acts that, in Pisani's eyes, deprived her of her right to due process, § 1983 is not an appropriate vehicle for bringing Pisani's claims to

court. However, in light of the court's obligation to construe Pisani's complaint liberally, the court will presume that the claims before it are Bivens claims. As the court of appeals for this circuit has recently explained:

> A Bivens action is a civil action brought against agents of the United States, deriving its name from Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971). "This implied cause of action is the federal analog to § 1983 suits against state officials." Soto-Torres v. Fraticelli, 654 F.3d 153, 158 (1st Cir. 2011).

Hernandez-Cuevas v. Taylor, 723 F.3d 91, 94 n.1 (1st Cir. 2013) (parallel citations omitted).

A. Claims Against NHTSA

Pisani has not sued any individual employee of the NHTSA; she has sued the administration itself. But, it is well established that a Bivens action may not be asserted against a federal agency, only individual federal agents. See FDIC v. Meyer, 510 U.S. 471, 484-85 (1994); see also Chiang v. Skeirik, 582 F.3d 238, 243 (1st Cir. 2009) (citation omitted). So, to the extent that Pisani seeks money damages from the FHTSA, her claim against the administration is subject to dismissal. See id. (affirming trial court's dismissal, under Fed. R. Civ. P. 12(b)(1), of Bivens claim that named no individual governmental officers). To the extent that Pisani seeks equitable relief

4

from the FHTSA, in the form of an accounting, that request is subject to dismissal for failure to state a claim, see 28 U.S.C. § 1915(e)(2)(B)(ii), because Pisani identifies no legal authority entitling her to an accounting from a party that is immune from her claim for damages. Thus, nothing of Pisani's claim against the NHTSA remains.

B. Claims Against Judge McConnell

Pisani claims that Judge McConnell acted illegally by ruling as he did in her 2007 case. Judges, however, are absolutely immune "from liability for damages for actions taken within the scope of their judicial jurisdiction." Pierson v. Ray, 386 U.S. 547, 554 (1967) (citing Bradley v. Fisher, 80 U.S. 335 (1871) (adopting the common-law doctrine of judicial immunity)). Judicial "immunity is overcome in only two sets of circumstances." Mireles v. Waco, 502 U.S. 9, 11 (1991). Specifically, "a judge is not immune for liability for nonjudicial actions, i.e., actions not taken in the judge's judicial capacity," id. (citations omitted), and "a judge is not immune for actions, though judicial in nature, taken in the complete lack of all jurisdiction," id. at 12 (citations omitted). Here, because Pisani has made no factual allegations that would support application of either of the two exceptions

described in Mireles, Judge McConnell is protected by judicial immunity, and Pisani's claim against him is subject to dismissal.[1]  See 28 U.S.C. § 1915(e)(2)(B)(iii).  Indeed, as Pierson makes abundantly clear, for party such as Pisani, who is dissatisfied with a judge's decision in a case over which he has unquestioned jurisdiction, the proper recourse is the appeal process.  See 386 U.S. at 554.

**Miscellaneous Motions**

Pisani has filed three motions in this case which are currently pending before the court.  Document no. 5 (motion to preclude Rhode Island judges from involvement in her case) is denied as moot since all the judges in the United States District Court for the District of Rhode Island are recused from involvement in her lawsuit, and her lawsuit has been has been transferred to this court.  Document no. 4 (motion for appointment of counsel and payment of costs) is denied as Pisani has not shown any exceptional circumstances that would entitle

---

[1] Pisani's complaint also includes factual allegations concerning other judges who issued rulings in her 2007 case, including Magistrate Judge Lincoln D. Almond and Chief Judge William E. Smith.  Neither of those judges is a named defendant in this case.  Based upon the facts alleged in Pisani's complaint, however, both of those judges would be entitled to judicial immunity for the same reasons that Judge McConnell is protected by that doctrine.

her to appointed counsel, and is not entitled to payment of costs. Document no. 4 is denied without prejudice to Pisani's right to refile the request for appointed counsel in the future should her complaint survive and her circumstances change. Document no. 6 (motion for discovery) is denied as moot since Pisani's complaint is subject to dismissal; the motion is also not ripe since this is preliminary review and her complaint has not been served.

## Conclusion

For the reasons explained above, Pisani's complaint does not survive scrutiny under 28 U.S.C. § 1915(e)(2)(B). Pisani has 30 days from the date of this order to amend her complaint or to show cause why her complaint should not be dismissed. If Pisani fails either to file an amended complaint or to show cause why her complaint should not be dismissed, the court will dismiss her complaint in its entirety.

SO ORDERED.

_____
Landya McCafferty
United States District Judge
(Sitting by designation)

April 24, 2014
cc: Carol Pisani, pro se
    Robert J. Rabuck, Esq.