Carol Pisani

    v.                          Civil No. 14-cv-056-LM-AKJ

Judge John J. McConnell, Jr.,
and National Highway Traffic
Safety Administration

## O R D E R

Before the Court is plaintiff Carol Pisani's response to
the Court's April 28, 2014, order (doc. no. 16).  That order
required Pisani either to amend the complaint, or to show cause
why the complaint (doc. no. 2) should not be dismissed for
failure to state a claim upon which relief can be granted.

### Background

Two defendants are named in this action, Judge John J.
McConnell, Jr., and the National Highway Traffic Safety
Administration ("NHTSA").  Judge McConnell was the presiding
judge in a 2007 case, Pisani v. Van Iderstine, No. 1:07-cv-
00187-M-LDA (D.R.I.) ("Pisani I").  Pisani I was based on
allegations that NHTSA employee Richard Van Iderstine breached a
confidentiality agreement with Pisani and/or misappropriated an
invention Pisani had disclosed, by improperly disclosing that
invention.  See generally Apr. 28, 2014, Order (doc. no. 16).

On July 8, 2011, Judge McConnell issued an order in <u>Pisani I</u>,
approving a report and recommendation, and dismissing the case
against Van Iderstine without prejudice, pursuant to Fed. R.
Civ. P. 4(m), because of Pisani's failure to effect service
within 120 days.  <u>See</u> <u>Pisani I</u> (D.R.I. July 8, 2011), ECF No.
30.  Pisani did not appeal the order dismissing that action
without prejudice.

Pisani filed a complaint here (doc. no. 2) in January 2014.
After granting Pisani's motion for leave to proceed in forma
pauperis, this Court completed its review of the complaint (doc.
no. 1), pursuant to 28 U.S.C. § 1915(e)(2), and determined that
Pisani had not stated any plausible claim for relief, and that
Judge McConnell was absolutely immune from Pisani's claims for
monetary relief.  <u>See</u> April 28, 2014, Order (doc. no. 26).  The
Court granted Pisani leave either to file an amended complaint
asserting plausible claims, or to show cause why the complaint
should not be dismissed, and specifically notified plaintiff
that if she failed to amend the complaint or show cause as
directed, the court would dismiss the complaint in its entirety,
pursuant to 28 U.S.C. § 1915(e)(2).

On May 7, 2014, Pisani filed a response to the April 28
order.  <u>See</u> Doc. No. 18.  That response is before this Court.

**Discussion**

Pisani's response to the April 28 order (doc. no. 18) challenges this court's finding regarding the scope of judicial immunity. In the amended complaint, Pisani also asserts, for the first time, <u>Bivens</u> claims against NHTSA agents who allegedly mishandled her invention and breached the confidentiality agreement prior to 2007, and against the NHTSA agents who failed to effect service against Van Iderstine and/or did not notify her that Van Iderstine had not been served.

I.   <u>Judicial Immunity</u>

Pisani asserts that judicial immunity does not shield Judge McConnell, insofar as she alleges that the judge erred and did not comply with court rules and ethics rules when he dismissed <u>Pisani I</u>. Plaintiff's arguments about judicial immunity are unavailing. <u>See generally</u> <u>Cok v. Cosentino</u>, 876 F.2d 1, 2 (1st Cir. 1989) (judicial immunity from damages claims "applies no matter how erroneous the act may have been, how injurious its consequences, how informal the proceeding, or how malicious the motive").

Pisani also asserts that she is seeking injunctive relief here, including, specifically, an order compelling Judge McConnell to enter judgment against Van Iderstine in <u>Pisani I</u>. This court does not generally have supervisory jurisdiction to

review and/or reverse orders issued by a different district judge in a separate, closed case. Cf. Uzamere v. United States, No. CA 13-505 S, 2013 WL 5781216, at *9 n.8 (D.R.I. Oct. 25, 2013) (district court lacks mandamus jurisdiction to enjoin district judge in another circuit).

Pisani, furthermore, is collaterally estopped from relitigating here an issue that was fully litigated in Pisani I, namely, whether Van Iderstine was served as required by Fed. R. Civ. P. 4(m). See generally Latin Am. Music Co. v. Media Power Grp., 705 F.3d 34, 42 (1st Cir. 2013). Accordingly, as plaintiff has failed to show any basis upon which this court could enjoin Judge McConnell or otherwise enter judgment in Pisani I, and she has failed to show any basis for this court to reconsider its prior determination regarding the scope of judicial immunity, plaintiff's claims against Judge McConnell are properly dismissed.

B.    Claims Against NHTSA

Nothing asserted by Pisani warrants this court's reconsideration of the April 28, 2014, Order, with respect to the NHTSA claims. Plaintiff's claims regarding NHTSA misconduct occurring prior to May 2007, whether asserted as Bivens claims, Federal Tort Claims Act ("FTCA") claims, so-called "reverse" Freedom of Information Act ("FOIA") claims, or as Administrative

4

Procedure Act ("APA") claims, are time-barred.  See, e.g., 28
U.S.C. § 2401 (six year statute of limitations generally applies
to claims in civil actions against United States); Uzamere, 2013
WL 5781216, at *13 (Bivens claims in Rhode Island are subject to
three-year statute of limitations); Loumiet v. United States,
968 F. Supp. 2d 142, 150 (D.D.C. 2013) (Bivens claims in
District of Columbia are subject to three-year statute of
limitations); see also Sanchez v. United States, 740 F.3d 47, 52
(1st Cir. 2014) (two-year statute of limitations applies to FTCA
claims).

Furthermore, as to plaintiff's claims regarding the NHTSA
agents who did not help serve Van Iderstine and/or did not
notify plaintiff that Van Iderstine was not served, this Court
notes that plaintiff received notice no later than July 10,
2008, that the United States Marshal's Service was unable to
serve Van Iderstine, and the court in Pisani I issued a show
cause order on January 7, 2009, directing plaintiff to show
cause why the case should not be dismissed for failure to effect
service under Rule 4(m).  See Pisani I (D.R.I. Jan. 7, 2009),
ECF No. 17.  The statute of limitations on any claim regarding
the failure of a federal employee to perform a duty owed to
plaintiff, arising under Bivens or the FTCA, expired before
plaintiff filed this action in January 2014.  Therefore,

plaintiff has failed to plead any claims upon which relief can be granted as to the NHTSA. Pisani has also failed to show cause why the case should not be dismissed in its entirety, for reasons stated in this Order and in the April 28, 2014, Order (doc. no. 16).

## Conclusion

For the foregoing reasons, and for reasons stated in the April 28, 2014, Order (doc. no. 16), all of the claims in this action are dismissed with prejudice. The clerk is directed to enter judgment and close the case.

SO ORDERED.

_____
Landya B. McCafferty
United States District Judge

July 28, 2014

cc: Carol Pisani, pro se
    Robert J. Rabuck, Esq.